IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| AMERICAN SOUTHERN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No.: 4:17-cv-02366-RBH |
| v. | ) ) | **ORDER** |
| AFFORDABLE HOME IMPROVEMENTS, SEASHORE VILLAS AT OCEAN KEYES PROPERTY OWNERS ASSOCIATION, INC., OCEAN KEYES DEVELOPMENT, LLC, KEYE CONSTRUCTION CO., INC. f/k/a PINEBLUFF CONSTRUCTION CO. INC., and KEYE COMMUNITIES, LLC, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Currently pending before this Court is Plaintiff's Motion to Dismiss Counterclaim of Defendants (the "Motion") filed on December 4, 2017. [ECF #25]. The Counterclaim was brought by Ocean Keyes Development, LLC ("Ocean Keyes"), Keye Construction Company, Inc. f/k/a Pine Bluff Construction Co. ("Pine Bluff"),[1] and Keye Communities, LLC ("Keye Communities"). On December 18, 2017, Defendants filed their response to this Motion. [ECF #29]. On December 27, 2017, Plaintiff filed its reply. [ECF #30]. All parties have had the opportunity to extensively brief the issues raised in the Motion, and this Court has thoroughly considered all pleadings filed

---

[1] On December 12, 2017, this Court granted a consent motion to substitute "Keye Construction Co., Inc. f/k/a Pine Bluff Construction Co., Inc." as the properly-named defendant in place of the misidentified separate defendants "Keye Construction Co., Inc." and "Pine Bluff Construction Co., Inc." [ECF #27].

in this case.[2] This matter is now before the Court.

## Factual Background and Procedural History

Plaintiff has filed this declaratory judgment action to ascertain its rights and obligations under a policy of commercial general liability insurance issued to a company called Affordable Home Improvements for claims asserted in a construction defect lawsuit filed in state court. The underlying lawsuit is captioned *Seashore Villas at Ocean Keyes Property Owners Association, Inc. v. Ocean Keyes Development, LLC et al.*, Civil Action Number 2015-CP-26-8308, filed in the Horry County Court of Common Pleas of South Carolina, and was brought by Seashore Villas at Ocean Keyes Property Owners Association, Inc. (the "Underlying Lawsuit"). [ECF #1-2]. According to the allegations within the Complaint, the Seashore Villas is a project consisting of twenty-two condominium buildings. Defendants Ocean Keyes and Keye Communities were apparently involved in the planning, development, and construction of the Seashore Villas project. Defendant Pine Bluff served as the general contractor throughout the construction of the project. Defendant Affordable Home Improvements was hired as a subcontractor to perform certain roofing and side work at the project. Among several other causes of action brought by the plaintiff, the plaintiff alleges that AHI's work on the project was defective and caused the plaintiff injuries and damages. [ECF #1-2, p. 24]. Plaintiff American Southern Insurance Company ("ASIC") issued a general commercial liability insurance policy to Affordable Home Improvements and is currently providing a defense to its insured in the underlying lawsuit through a reservation of rights. [ECF

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

2

#25-1, p. 2].

Defendant Affordable Home Improvements ("AHI"), though properly served, has not appeared or otherwise filed a responsive pleading in the declaratory judgment action. Defendant Seashore Villas filed an Answer on October 23, 2017. [ECF #12]. Defendants Ocean Keyes, Keye Communities, and Pine Bluff (the "Ocean Keyes Defendants") filed an Answer and Counterclaim on November 13, 2018. [ECF #19]. The Ocean Keyes Defendants' counterclaim seeks a declaration to determine the coverage obligations owed by Plaintiff ASIC to Defendant AHI under the insurance policy issued by Plaintiff. The Ocean Keyes Defendants assert that the underlying construction defect lawsuit seeks damages that are covered under the policy issued by Plaintiff ASIC, and that Plaintiff's duty to defend and the duty to indemnify have been triggered in this case. [ECF #19, p. 9]. In other words, both the Complaint and Counterclaim seek the same form of relief; that is, a declaration as to applicability of the insurance policy language. While Plaintiff ASIC seeks a declaration from this Court finding that no coverage exists under the policy, the counterclaiming Defendants seek a declaration finding Plaintiff owes both a duty to defend and a duty to indemnify for the asserted claims in the underlying lawsuit.

On December 4, 2017, Plaintiff filed a Motion to Dismiss the Ocean Keyes Defendants' Counterclaim. [ECF #25]. Plaintiff argues that these Defendants have failed to state a claim upon which relief can be granted because these Defendants are not named parties covered under the insurance policy, and that a declaration regarding Plaintiff's duty to indemnify AHI for claimed damages in the underlying lawsuit is not ripe for adjudication. In response, the Ocean Keyes Defendants argue that they are third party beneficiaries to the insurance policy, and that the

3

determination as to whether coverage exists under the policy for the insured subcontractor affects their rights in the Underlying Lawsuit. Moreover, the Ocean Keyes Defendants argue that Plaintiff's inclusion of them as defendants in the case is indicative of Plaintiff's acknowledgment of their interest in the outcome of this declaratory judgment action.

## **Standard of Review**

Plaintiff alleges that, pursuant to Federal Rule of Civil Procedural 12(b)(6), the counterclaim must be dismissed for failure to state facts sufficient to constitute a cause of action. Under the standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298 (4th Cir. 2008) (citing *Twombly*, 550 U.S. at 547). The purpose of such a motion is to test the sufficiency of the facts alleged in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The United

States Supreme Court recently stated that

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 556 at 678 (quoting *Twombly*, 550 U.S. at 570). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## **Discussion**

Plaintiff ASIC argues that the Ocean Keyes Defendants have failed to set forth factual allegations sufficient to state a claim for relief because none of the counterclaiming Defendants are parties to the ASIC commercial general liability policy, and therefore, are unable to seek a declaration regarding the terms and enforcement of the insurance policy. Within their response brief, the Ocean Keyes Defendants provide, "Defendant AHI performed work on the Seashore Villas buildings as one of Ocean Keyes' and Keye Construction's sub-contractors." [ECF #29, p. 6]. The Ocean Keyes Defendants also state, "[i]n the Underlying Lawsuit, Seashore Villas POA alleges that Defendant AHI's sub-contracted work on the Seashore Villas buildings was faulty and has resulted in damage. (See ECF No. 1, paras. 14-16, ECF No. 1-2, paras. 23-25, 78-85). The Ocean Keyes Defendants have all filed cross-claims against Defendant AHI in the Underlying Lawsuit, asserting causes of actions for breach of contract, breach of express and/or implied warranties, and equitable indemnification for alleged faulty workmanship on the Seashore Villas buildings. (See ECF No. 1-3, paras. 87-97, ECF No. 1-4, paras. 91-101)." [ECF #29, p. 6].

Further, the Ocean Keyes Defendants argue they have constitutional standing and standing pursuant to the Declaratory Judgment Act to seek a declaratory judgment against Plaintiff ASIC. The Ocean Keyes Defendants also assert that they are third party beneficiaries of the insurance policy provided by Plaintiff ASIC, should they succeed on their cross-claims against AHI.

Plaintiff ASIC principally relies upon this Court's former decision in *Auto-Owners Ins. Co. v. Travelers Cas. & Sur. Co. of Am.*, No. 4:12-cv-3423, 2014 WL 3687338 (D.S.C. July 22, 2014), where this Court considered whether an insurance company could seek a declaration requiring another insurance company to provide a defense in an underlying lawsuit. However, the facts of that case are distinguishable from the matter currently before this Court. Auto-Owners Insurance Company was seeking a declaration that another insurance company, Travelers Casualty and Surety Company, was required to assist in the defense of an underlying lawsuit. Auto-Owners was providing a defense pursuant to a commercial general liability policy issued to a defendant in a lawsuit brought by the defendant's board of directors. Travelers had also insured the defendant pursuant to a non-profit management and organization liability insurance policy but was not providing a defense to the lawsuit. In granting summary judgment in favor of Travelers, this Court took into account the fact that Auto-Owners was not damaged by Traveler's refusal to defend the underlying lawsuit because it was a "stranger to the contract" between Auto-Owners and the insured. However, this Court also reasoned that, based on a previous finding in *Sloan Constr. Co v. Cent. Nat'l Life Ins. Co. of Omaha*, 269 S.C. 183, 236 S.E.2d 818, 820 (S.C. 1977), Auto-Owners could not seek the requested declaration, in large part because both companies had insured the same risk, therefore, Auto Owner's tendering of a defense was doing no more than

6

what it was already obligated to do, and the insured was not damaged because it was being afforded a defense. This Court analyzed whether Auto-Owners had the ability to state a claim for relief in seeking such a declaration, though this Court determined that Auto-Owners did have standing to bring the declaratory judgment action before this Court.

Here, the Ocean Keyes Defendants are not insurers of AHI, and they are not named parties to the insurance contract between Plaintiff ASIC and AHI. Instead, they are named, along with AHI, as co-defendants in the Underlying Lawsuit, and they have brought cross-claims in the Underlying Lawsuit against AHI. Moreover, Plaintiff has named them as defendants in this declaratory judgment action. Therefore, *Auto Owners* does not squarely address the issue currently before this Court; that is, whether cross-claimants to AHI in the Underlying Lawsuit can seek a declaration regarding the insurance policy covering subcontractor AHI's workmanship in the construction project, and the duties owed by Plaintiff ASIC under the policy.

Whether these Defendants bringing a counterclaim have standing to bring an action in federal court is a question of federal law. *Motsinger v. Nationwide Mut. Ins. Co.*, 920 F. Supp. 2d 637, 642 (D.S.C. Jan. 30, 2013). To demonstrate constitutional standing under the Article III "case or controversy" requirement, a party must show that there is an actual or imminent injury in fact, that is fairly traceable to the defendant's conduct and is likely to be redressed by a favorable decision. *Id.* at 643. Further, a plaintiff seeking a ruling under the Declaratory Judgment Act must demonstrate "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Id.* (quoting *Miller v.*

7

*Augusta Mut. Ins. Co.*, 157 Fed. App. 632, 636-37 (4th Cir. 2005)). In this case, the Ocean Keyes Defendants meet the constitutional standing requirements because they have established facts that, if proven, support financial injury, particularly if the alleged losses in the Underlying Lawsuit are not covered under the insurance policy in question. Moreover, there is a substantial controversy that exists. Both Plaintiff ASIC and the Ocean Keyes Defendants are involved in the Underlying Lawsuit. Further, as evidenced by the diametrically opposed positions to the question of whether Plaintiff ASIC has certain obligations under the policy in question, they have adverse legal interests that may potentially be addressed by a declaration from this Court finding either there is or is not coverage under the policy.

However, Plaintiff ASIC argues the real inquiry is whether the Ocean Keyes Defendants can seek such a declaration because AHI is really the named insured of Plaintiff ASIC, and AHI has not appeared in this lawsuit. In response, Defendants argue that as third party beneficiaries to the insurance policy, they have stated a claim for relief in their counterclaim. *See generally TC X, Inc. v. Commonwealth Land Title Ins. Co.*, 928 F. Supp. 618, 623 (D.S.C. Feb. 21, 1995) (explaining that to qualify as a third party beneficiary, one must show the intent of the contracting parties to confer a direct and substantial benefit on the third party). Initially, this Court points out that within Plaintiff's Complaint, Plaintiff ASIC states that it seeks a determination as to whether "coverage exists for AHI for the claims in the underlying construction defect lawsuit and if so, the particular obligations owed by ASIC to AHI *and the other defendants* pursuant to the ASIC policy." [ECF #1, p. 3 (emphasis added)]. Thus, it would appear that even Plaintiff ASIC contemplates that the Ocean Keyes Defendants may have a legal interest that would be implicated

8

should this Court provide Plaintiff with the requested declaratory judgment. Moreover, the Ocean Keyes Defendants have been sued along with AHI for faulty workmanship in the Underlying Lawsuit, and the Ocean Keyes Defendants have filed cross-claims against AHI for breach of contract, breach of warranty, and equitable indemnification. [ECF #1-4, p. 12]. Therefore, should this Court determine that the applicable policy language does not require Plaintiff ASIC to provide a defense and/or indemnify Defendant AHI, Defendants may potentially suffer financial exposure and injury. This is particularly true because not only have the Ocean Keyes Defendants brought cross-claims against AHI in the Underlying Lawsuit, but AHI has failed to appear, or otherwise protect its interest or file a responsive pleading in this case. [ECF #1-4, pp. 11-15]. Regardless of whether AHI has filed a responsive pleading, this Court is still tasked with declaring the rights and obligations of Plaintiff ASIC under the commercial general liability insurance policy in this case. The counterclaim is little more than the Ocean Keyes Defendants seeking the same determination as is requested by Plaintiff ASIC.

This Court agrees that at this stage in the litigation the Ocean Keyes Defendants have stated a claim for relief. Based on their status as cross-claimants against a subcontractor (AHI) in the Underlying Lawsuit, their financial interests may be implicated, and at this stage in the litigation on a motion pursuant to Fed. Rule of Civ. P. 12(b)(6), the Ocean Keyes Defendants appear to have standing to proceed. Their recovery in the Underlying Lawsuit may be implicated by a decision in this Court as to coverage issues involving AHI. Again, this motion is made at the 12(b)(6) stage, not as a summary judgment motion. Accordingly, at this stage in the litigation, this Court denies Plaintiff's 12(b)(6) motion to dismiss the Ocean Keyes Defendants' counterclaim

9

for declaratory judgment.

Finally, Plaintiff ASIC alternatively argues that declaratory judgment regarding indemnity of AHI sought by the Ocean Keyes Defendants should also be dismissed because it is simply not ripe for adjudication yet, since no judgment or settlement has taken place yet in the Underlying Lawsuit. In the event it is not dismissed, Plaintiff ASIC suggests it should at least be stayed pending the outcome of the Underlying Lawsuit. It is true that no decision or findings of fact have been made in the Underlying Lawsuit. Arguably, the duty to indemnify is premature and not ripe as the duty to indemnify, unlike the duty to defend, is based on evidence found by the factfinder in the underlying case. *Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384 (4th Cir. 2001). However, Plaintiff's own claims for declaratory judgment also seek a determination regarding Plaintiff's duties regarding indemnity to AHI. The Ocean Keyes Defendants make no argument against staying the matter regarding indemnity and simply oppose dismissal of their counterclaims. After review, this Court denies Plaintiff's Motion to Dismiss pursuant to 12(b)(6). In light of the Court's ruling denying this Motion, the Parties should consult, and after consultation, the Parties should file by separate motion any request to stay this matter.

## **Conclusion**

The Court has thoroughly reviewed the entire record, including the pleadings, Plaintiff's Motion to Dismiss [ECF #25], as well as the support briefs, the response to the Motion [ECF #29], the reply [ECF #30] and the applicable law. For the reasons stated above, the Motion to Dismiss the Counterclaim [ECF #25] is **DENIED** at this time. In light of the Court's ruling

denying this Motion, after consultation, the Parties should file by separate motion any request to stay this matter.

**IT IS SO ORDERED.**

| | |
|---|---|
| Florence, South Carolina<br>May 4, 2018 | s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Judge |